IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRUCE HALL, | ) | 4:04CV3275 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TRENDWAY PLUMBING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Defendant's motion for partial summary judgment (filing 34).  The complaint, filed August 18, 2004, asserts three separate causes of action:  age discrimination, discrimination on the basis of perceived disability, and retaliation for filing discrimination charges.[1]  Defendant seeks summary judgment on the age and disability claims, asserting that they are time-barred.  I agree, and will grant the motion.

**I.  BACKGROUND**

Looking at the record in the light most favorable to Plaintiff, I find the material undisputed facts to be as set forth below.

---

[1]I do not understand the complaint to raise state law claims.  The only jurisdictional allegation in the complaint states that the action "is brought pursuant to 42 U.S.C. § 2000e-2 and 28 U.S.C. § 1332."  (Filing 1, Complaint, at 1.)  The reference to 42 U.S.C. § 2000e-2 is confusing, as that statute defines unlawful employment practices under Title VII of the Civil Rights Act of 1964, and the federal statutes allegedly violated by Trendway are the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").  Title 28, section 1332 is the statute providing for federal court jurisdiction over federal question cases.

Bruce Hall filed a charge of discrimination against Trendway Plumbing, Inc., ("Trendway") on March 3, 2003, alleging Trendway engaged in discriminatory business practices by terminating him on the basis of age and perceived disability. This charge was filed with the Nebraska Equal Opportunity Commission ("NEOC") and sent to the Equal Employment Opportunity Commission ("EEOC") for dual filing purposes. This March 3 charge was assigned three numbers: NEB 1-02/03-3-32601-R, NEB 1-02/03-3-32602-R and 32EA300419. In a "check the box" section requesting the filer to check the box(es) reflecting the cause(s) of discrimination, "age" and "disability" are checked. The form states that the earliest and latest dates discrimination took place were 1/20/2003. (Filing 36, Ex. 1.)[2] This is the date Hall was laid off his job at Trendway.

Hall later filed another charge of discrimination against Trendway on December 5, 2003. (Filing 36, Ex. 2.) This charge was also a dual filing under the NEOC and EEOC and was assigned three numbers: NEB 1-03/04-12-33610-R, NEB 1-03/04-12-33611-R, and 32 EA400225. In the "check the box" section listing causes of discrimination, only "retaliation" is checked. Other options were race, color, sex, religion, national origin, age, disability, and "other." The earliest date discrimination took place was listed as 3/2/2003 and the latest date of discrimination is described as "ongoing." In the narrative section listing the particulars, Hall states in the December 5 charge: "I filed a charge against the Respondent on 3/3/2003 (1-

---

[2]Both Trendway and Hall attached copies of NEOC charges or Notice of Right to Sue letters in support of and in opposition to the motion for partial summary judgment. (Filing 36, Trendway's Index of Evidence; Filing 41, Hall's Index of Evidence.) Neither properly authenticated the documents by affidavit as required by NECivR 7.1(a)(2)(C) & 7.1(b)(2)(C). As neither party objected to the failure to authenticate, and as no alteration to the documents is evident on their face, I have considered the evidence submitted by both Trendway and Hall despite the failure to authenticate.

02/03-3-32601-R).[3] Since filing this charge, the Respondent has refused to rehire me despite being well qualified for the position. They are refusing to rehire me in retaliation for filing a charge against them."

Hall requested and received a Notice of Right to Sue from the EEOC. (Filing 36, Ex. 4.) It referenced charge number 32E-2003-0419 (the EEOC number assigned to the March 3, 2003 charge) and notified Hall that he must file suit based on the referenced charge in federal or state court within 90 days of receipt of the Notice or lose his ability to file suit on that charge. It was mailed to Hall on April 7, 2004. The date 90 days after April 7, 2004 is July 6, 2004. Hall filed his complaint in this court on August 18, 2004. (Filing 1.)

On April 26, 2004, <u>after</u> Hall received the Notice of Right to Sue letter regarding the March 3, 2003 charge asserting age and disability discrimination, Hall amended the December 5, 2003 charge asserting retaliation. (Filing 36, Ex. 3.) The amended charge was assigned the same three reference numbers as the December 5 charge. The <u>only</u> differences between the December 5 charge and the April 26, 2004 amended charge are as follows: (1) the April 26 charge is labeled "Amended Charge" and was dated 4/26/04 rather than 12/05/03, and (2) the April 26 charge contains all three reference numbers for the March 3, 2003 charge rather than just the first-listed number for the March 3, 2003 charge, that is, in the narrative section of the amended April 26 charge listing the particulars, Hall states "I filed a charge against the Respondent on 3/3/2003 (*NEB* 1-02/03-3-32601-R *and NEB1-02/03-3-32602-R, EEOC 32EA300419*)." (Filing 36, Ex. 3 (italics added to designate language added in amended charge).)

_____

[3]The other two reference numbers for the March 3, 2003 charge (NEB 1-02/03-3-32602-R and 32 EA300419) were not listed. In addition, the "NEB" prefix to the listed charge number was absent from the narrative of the December 5 charge.

A form "Notice of Charge of Discrimination" dated April 27, 2004 was mailed to Trendway Plumbing." (Filing 41, Ex. 1.) It references EEOC charge number 32EA400225 and FEPA charge numbers "1-03/04-12-33610-R, [and] 33611-R." Id. (the referenced charge numbers are those of the December 5, 2003 charge as amended April 26, 2004.) In a "check the box" format, it indicates that a charge of discrimination has been filed under the ADEA and the ADA. Id. It indicates that a copy of the charge is enclosed, and in a further "check the box" format, only "retaliation" is listed as a basis of discrimination. The boxes for race, color, sex, religion, nat. origin, age, disability, and "other" were not checked as bases of discrimination. Id.

Hall requested and received another Notice of Right to Sue from the Equal Employment Opportunity Commission. (Filing 36, Ex. 5.) This second notice referenced charge number 32E-2004-00225 (the EEOC number assigned to the December 5, 2005 charge, as amended April 26, 2004) and notified Hall that he must file suit based on the referenced charge in federal or state court within 90 days of receipt of the Notice or lose his ability to file suit on that charge. This second Notice of Right to Sue was mailed to Hall on May 20, 2004. The date 90 days after May 20, 2004 is August 18, 2005.

On August 18, 2004, Hall filed suit in this court seeking redress for age and disability discrimination and unlawful retaliation for filing age and disability discrimination charges. (Filing 1, Complaint, ¶¶ 11, 13 &-15.) Hall attached and incorporated his Notice of Right to Sue regarding the December 5/April 26 charge to his Complaint. (Filing 1, Ex. A.) He did not attach or incorporate the earlier-received Notice of Right to Sue regarding the age and disability claims, mailed April 7, 2004. (Filing 36, Ex. 4.)

Trendway's answer to the Complaint listed as an affirmative defense the assertion that Hall was barred from bringing his age and disability discrimination

claims because he did not file suit within 90 days of receiving the Notice of Right to Sue applicable to those claims.  (Filing 22, Def.'s Ans., at p. 3, ¶ 1.)

## II.  DISCUSSION

A.  Standard of Review

I apply the well-known standard for granting summary judgment.  Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See also Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.  Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion.  Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

B.  Timeliness of suit

The facts show that Hall filed two separate charges of discrimination.  The first alleged age and disability discrimination under the ADEA and ADA and was filed March 3, 2003.  The second alleged retaliation for filing the age and disability claims, and was also brought under the ADEA and ADA.  The second charge (retaliation) was initially filed on December 5, 2003 and was amended on April 26, 2004.

Similarly, Hall received two separate notices of his right to sue.  The first notice related to his age and disability discrimination charges.  As that first notice was mailed to Hall on April 7, 2004, and gave Hall 90 days to bring suit on the age and

disability charges, the 90-day period had run on the age and disability charges by the time Hall filed his complaint in this court on August 18, 2004. Thus the age and disability claims in the case before me were not timely and must be dismissed.

By contrast, the second notice of right to sue related to the retaliation charge, as amended. That second notice was mailed to Hall on May 20, 2004, and gave Hall 90 days to bring suit on the retaliation charges. As the date 90 days after May 20, 2004 is August 18, 2005, and Hall filed his complaint in this court on August 18, 2005, the portions of the complaint alleging unlawful retaliation were timely filed.

Hall asserts that his retaliation charge was amended on April 26, 2004 "to add claims of age and disability." (Filing 40, Br. in Opp'n to D.'s Mot. for Partial Summ. J. at 2. Since the second right to sue letter referenced the charges in the April 26 amendments, and since the complaint in this court was filed within 90 days of receipt of the right to sue letter referencing the April 26 amendments, Hall argues that the age and disability claims were timely filed.

This syllogism is flawed. The April 26, 2004 amendment of the December 3, 2003 claim was no more than an amendment of a retaliation claim to cure technical omissions. It did no more than add references to all three charge numbers initially assigned to the March, 2003 age and disability discrimination claim. The December 3, 2003 claim, as amended April 26, 2004, alleges only retaliation–as evidenced by the fact that both the narrative description of the charge and the "check the box" section indicate that only retaliation is charged.[4] The technical amendment of the

---

[4]In addition, the April amended charge indicates that the earliest date of the charged discrimination was March 2003. The age and disability discrimination charge was received by the NEOC on March 3, 2003, and indicated that the age and disability discrimination occurred on January 20, 2003–the date on which Hall was laid off from his job at Trendway. If age and disability claims had been included in the amendment to the retaliation charge, the earliest date of the discrimination would

December 3, 2003 retaliation charge did not "continue" or "resurrect" the original March, 2003 age and disability charge. Nor did it in any way extend the 90-day limitations period for filing suit based on the March, 2003 age and disability charge.

Hall asserts that it would make no sense to assign one set of charge numbers to the original age and disability charge and another set of charge numbers to the later-filed retaliation charge, as "[t]he charges deal with the same parties and same acts of the defendants against the plaintiff." (Filing 40, Br. in Opp'n to D.'s Mot. for Partial Summ. J. at 2-3.) I disagree. Cf. Maegdlin v. Internat'l Ass'n of Machinists & Aerospace Workers, 309 F.3d 1051, 1052-53(8th Cir. 2002) (when original district court complaint alleged that union treated plaintiff differently because of his gender, amendment of complaint more than 90 days after receipt of right-to-sue letter from EEOC to add allegation of retaliation did not "relate back" to original complaint because it did not arise out of the conduct attempted to be set forth in original complaint and retaliation claim was properly dismissed as untimely) (construing Fed. R. Civ. P. 15(c)(2)).

The regulations permit amendment of a discrimination charge, to "cure technical defects or omissions" (such as a failure to verify the charge), or to "clarify and amplify allegations made therein", or to "alleg[e] additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge. . . ." 29 C.F.R. § 1601.12(b). Any such amendments "will relate back to the date the charge was first received." Id. This regulation does not help Hall, however. The effect of this regulation is that the April 26, 2004 amendment of the retaliation charge "related back" to the initial December 5, 2003 retaliation charge, such that the amended retaliation charge is considered to have been made on the date of the original retaliation charge. See, e.g., Conroy v. Boston Edison Co.,

---

have been the date of Hall's layoff, not the date Hall filed age and disability discrimination charges with the EEOC and NEOC.

758 F. Supp. 54, 58 (D. Mass. 1991) (when initial charge alleged race discrimination, and was later amended to include national origin discrimination, the amendment grew out of the same subject matter as the initial charge, and the amendment will relate back to the initial charge.)  This regulation does not mean that a separate retaliation charge is considered to include an earlier charge of age or disability discrimination.

### III.  CONCLUSION

Trendway's motion for partial summary judgment, seeking dismissal of the age and disability discrimination claims, must be granted because Hall has failed to make a showing that his suit on those claims was timely filed.

IT IS ORDERED:

1.      Trendway's motion for partial summary judgment (filing 34) is granted, and the claims of age and disability discrimination are dismissed as untimely;

2.      The only claim remaining for adjudication is the retaliation claim; and

3.      Judgment will be withheld until the retaliation claim is resolved.

November 7, 2005.                          BY THE COURT:

                                           *s/Richard G. Kopf*
                                           United States District Judge